IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREA DIANA WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:13cv109-WC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Andrea Diana Wilkins, applied for disability insurance benefits and supplemental security income. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 11). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was twenty eight years old at the time of the hearing and has a high school equivalent education (GED).  Tr. 19.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since May 1, 2008, the alleged onset date."  (Step 1) Tr. 14.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "seizure disorder, bipolar disorder, affective mood disorder, and headaches."  *Id*.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  (Step 3) *Id*.  Next, the ALJ found that Plaintiff has

> the [RFC] to perform a less than full range of light work . . . except that she can never climb ladders, ropes, or scaffolds.  She should avoid all dangerous machinery, unprotected hights; large bodies of water; and no operation of motor vehicles.  She is able to perform the following activities frequently:   1) understand and remember and carry out detailed instructions; 2) sustain an ordinary routine without special supervision; 3) work in coordination with or proximity to others without being unduly distracted by them; 4) complete a normal workday and workweek without interruptions from psychologically based symptoms; 5) respond to customers or other members of the general public; 6) respond appropriately to supervision; 7) respond appropriately to co-workers; 8) maintain socially appropriate behavior and adhere to standards of neatness and cleanliness; and 9) respond appropriately to changes in work setting.

Tr. 15-16 (footnote omitted).  The ALJ then concluded that Plaintiff "is capable of performing past relevant work" as a fast food worker, bartender, waitress, hostess, salad preparer, and cashier.  (Step 4) Tr. 22.  As a result of that finding, the ALJ did not

5

continue to Step 5, and concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 1, 2008 through the date of this decision." Tr. 22.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision:  (1) whether the Commissioner's decision should be reversed because "the ALJ erred as a matter of law in not finding [Plaintiff]'s seizure disorder to be medically equivalent to Listing 11.03;" and (2) whether the Commissioner's decision should be reversed because "the ALJ erred as a matter of law in finding [Plaintiff] capable of performing her past relevant work."  Pl.'s Br. (Doc. 13) at 7.  Because the court determines the first issue requires remand for further proceedings, the court declines to address the second issue at this time.

## V.   DISCUSSION

Plaintiff argues that "the ALJ erred as a matter of law in not finding that [Plaintiff]'s seizure disorder was medically equivalent to Listing 11.03."  Pl.'s Br. (Doc. 13) at 9.  Defendant responds that "the ALJ reasonably evaluated the severity of [Plaintiff's] seizures" because "the longitudinal record does not suggest that the frequency of Plaintiff's seizure activity was sufficient under Listing 11.03."  Def.'s Br. (Doc. 14) at 9.

When a claimant presents a neurological impairment such as seizure disorder or epilepsy, the "degree of impairment [is] determined according to type, frequency, duration, and sequelae[5] of seizures." 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00A. Listing 11.03 is met if a claimant suffers from "petit mal, psychomotor, or focal" seizures, "occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment." 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.03. To establish that the listing has been met, "[a]t least one detailed description of a typical seizure is required," and the ALJ must obtain such a description from a "reporting physician" or, "if professional observation is not available," from "[t]estimony of persons *other than the claimant.*" 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00A (emphasis added). The Listing does not consider a claimant's own observations to be sufficient evidence of the type and frequency of the seizures.

Here, the ALJ discussed the medical evidence, Plaintiff's testimony, and Plaintiff's stepfather's testimony regarding the frequency and severity of Plaintiff's seizures. The problem in this case is that, after reviewing the relevant evidence, the ALJ never made any finding as to the frequency of Plaintiff's seizures. Without that finding, the court is unable to determine whether Plaintiff met Listing 11.03 or whether Plaintiff's seizure disorder even need be addressed under that listing.

---

[5] Sequelae are aftereffects of a disease, condition, or injury.

7

The noted medical evidence included Plaintiff seeking treatment of seizures at least three times in 2008. Tr. 16-17. At least one physician assessed Plaintiff with a seizure disorder. Tr. 16. Although the ALJ did not discuss any medical evidence of seizures during 2009, Plaintiff did seek medical treatment in 2010. Plaintiff was hospitalized for two days in February 2010, when she was diagnosed with partial seizure disorder (Tr. 16-17), Plaintiff "continued to be treated through 6/3/10" for seizure disorder, (Tr. 17), and Plaintiff "was treated at Elmore Community Rural Health from June 30, 2010, to June 23, 2011, for . . . epilepsy with complex seizure [sic]" (Tr. 19). The ALJ did not make a finding of the frequency of Plaintiff's seizures based on this evidence from the reporting physicians. Nor did the ALJ state whether the foregoing medical evidence was sufficient to make a determination under Listing 11.03.

If the ALJ found the professional observation not to be sufficient, the ALJ was then required to consider testimony of persons other than the claimant, which the ALJ appeared to do. The ALJ noted testimony of Plaintiff's stepfather regarding the severity and frequency of Plaintiff's seizures:

> [The stepfather] witnessed small seizures where [Plaintiff] just stares off. When [Plaintiff] has grand seizures, she will throw up. The petit seizures happen once or twice a week or once every other week. [Plaintiff] has 2 grand seizures in a little over a year. When she had her last seizure, she did not go to the emergency room.

Tr. 20. It would appear that the stepfather's testimony may have satisfied the frequency requirement, as the seizures occurring once or twice a week would be more frequent than

the Listing requirement of "more frequently than once weekly."  20 C.F.R. pt. 404, subpt. P, app. 1, § 11.03.  However, the ALJ made no finding as to the credibility of the stepfather's testimony,[6] nor whether his testimony satisfied the frequency requirement of the Listing.

Because the ALJ failed to make a finding as to how frequently Plaintiff suffers from seizures, the ALJ's determination is insufficiently clear to allow the court to conduct its mandated review for substantial evidence.  *See, e.g.*, *Gaskin v. Commissioner of Soc. Sec.*, 2013 WL 4081321, *2 (11th Cir. Aug, 14, 2013) (remanding because the court was "unable to review correctly whether substantial evidence supports the ALJ's finding").  This case presents a close call as to whether Plaintiff meets the frequency requirement of the Listing.  Therefore, the court would require the ALJ to make a determination, based on the evidence reviewed, of how frequently Plaintiff suffers from seizures.  Without this determination, the court is unable to determine whether Listing 11.03 applies to Plaintiff and whether Plaintiff met that listing.  Accordingly, the court finds that remand is necessary for the ALJ to clarify the determination of Listing 11.03.

---

[6] The ALJ does make a determination as to the credibility of Plaintiff's testimony regarding the severity and frequency of her seizures.  This too concerns the court because Plaintiff's own testimony is insufficient for the ALJ to consider when determining whether Plaintiff's impairment meets the Listing. 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00A ("Testimony of persons *other than the claimant* is essential for description of type and frequency of seizures if professional observation is not available.") (emphasis added).

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case REMANDED for further proceedings consistent with this opinion.

Done this 13th day of March, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE